JANE DOE, Indiv. and as Mother and Next Friend of John Doe, a Minor, Plaintiffs-Appellees, v. ROCKDALE SCHOOL DISTRICT No. 84, Defendant-Appellant.

Third District    No. 3—96—0597

Opinion filed April 29, 1997.

E. Kent Ayers and Dinah Lennon Archambeault (argued), both of Spesia, Ayers, Ardaugh & Wunderlich, of Joliet, for appellant.

David Andrew June (argued) and Steven J. Prodehl, of June & Prodehl, of Joliet, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff Jane Doe, individually and as mother and next friend of John Doe, a minor, filed a complaint for negligence and wilful and wanton conduct against the defendant, Rockdale School District No. 84 (School District), seeking compensation for injuries allegedly sustained by John Doe when another student sexually assaulted him as he was being transported to school on the school bus. Defendant

filed a motion to dismiss. The trial court denied the defendant's motion and certified the following question for appeal: whether the defendant providing transportation to students to and from special education classes out of county pursuant to contract with Crawford Bus Service, Inc. (Crawford), is operating as a common carrier for purposes of section 2—101(b) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/2—101(b) (West 1992)).

In her complaint, plaintiff alleged that the School District acted negligently and wilfully and wantonly in failing to supervise, to provide an aide, to keep the students separated, and to investigate the students who were transported on the school bus. Plaintiff further alleged that the transportation of special education students to out-of-county locations was provided by Crawford, a common carrier, pursuant to a contract with the School District.

The School District moved to dismiss those counts of plaintiff's complaint directed against it on the grounds that no agency relationship existed between it and Crawford and that the School District was immune from suit under various sections of the Tort Immunity Act. 745 ILCS 10/1—101 *et seq.* (West 1992). Plaintiff conceded that the Tort Immunity Act immunized the School District from liability for negligence, but claimed that it did not immunize wilful and wanton behavior. Plaintiff later retracted this concession.

At a hearing on the defendant's motion to dismiss, the trial judge raised the issue of whether the "common carrier" exception to the Tort Immunity Act (745 ILCS 10/2—101(b) (West 1992)) applied to a school district providing transportation to children out of county pursuant to contract. After considering supplementary briefs on this issue, the trial court denied defendant's motion to dismiss and certified the issue for appeal.

■ Section 2—101 of the Tort Immunity Act (745 ILCS 10/2—101 (West 1992)) provides: "Nothing in this Act affects the liability, if any, of a local public entity or public employee, based on *** (b) [o]peration as a common carrier." In other words, the Tort Immunity Act does not immunize public entities based on operation as common carriers. The Tort Immunity Act does not, however, define the term "common carrier."

■ Long-standing authority in Illinois has held that a common carrier is "one who undertakes for the public to transport from place to place such persons or the goods of such as choose to employ him for hire." *Beatrice Creamery Co. v. Fisher*, 291 Ill. App. 495, 499, 10 N.E.2d 220 (1937). See also *Transformer Corp. v. Hinchcliff*, 279 Ill. App. 152 (1935); *Illinois Highway Transportation Co. v. Hantel*, 323

Ill. App. 364, 55 N.E.2d 710 (1944). A common carrier "undertakes for hire to carry all persons indifferently who may apply for passage so long as there is room and there is no legal excuse for refusal." *Hantel*, 323 Ill. App. at 376. Moreover, a common carrier may be liable for an unexcused refusal to carry all who apply. *Meyer v. Rozran*, 333 Ill. App. 301, 77 N.E.2d 454 (1948). The definitive test to be employed to determine if a carrier is a common carrier is whether the carrier serves all of the public alike. *Beatrice Creamery Co.*, 291 Ill. App. 495, 10 N.E.2d 220; *Rathbun v. Ocean Accident & Guarantee Corp.*, 299 Ill. 562, 132 N.E. 754 (1921); *Long v. Illinois Power Co.*, 187 Ill. App. 3d 614, 543 N.E.2d 525 (1989).

A private carrier, by contrast, undertakes by special agreement, in a particular instance only, to transport persons or property from one place to another either gratuitously or for hire. *Long*, 187 Ill. App. 3d 614, 543 N.E.2d 525. A private carrier makes no public profession to carry all who apply for carriage, transports only by special agreement, and is not bound to serve every person who may apply. *Meyer*, 333 Ill. App. 301, 77 N.E.2d 454.

■ In the instant case, plaintiff alleged that Crawford was a common carrier and that, when the School District contracted with Crawford, the School District became Crawford's principal. Therefore, due to this agency relationship with a common carrier, the School District was operating as a common carrier when Crawford transported the School District's special education students. It is important to note that the precise question before us is not whether Crawford was a common carrier, but whether the School District, as Crawford's alleged principal, was operating as a common carrier in rendering the service during the course of which the plaintiff's child was allegedly injured. See *Rathbun*, 299 Ill. 562, 132 N.E. 754.

Under the terms of the agreement between the School District and Crawford, Crawford agreed to transport the School District's special education students at an agreed-upon rate and for an agreed-upon period of time. The contract did not provide for the transportation of any additional passengers or cargo. It is not alleged that other passengers or cargo were in fact transported by the defendant or Crawford. Plaintiff made no allegation that either Crawford or the School District held itself out to the public as available to transport all applicants who might apply for transportation. The allegation is merely that Crawford was a common carrier and, as agent of the School District, did transport special education students to and from SMA therapeutic school and their homes.

Based on these facts, the School District argues that neither it nor its alleged agent was operating as a common carrier while

transporting John Doe to and from school. The defendant argues that the instant case is closely analogous to *Hantel*, 323 Ill. App. 364, 55 N.E.2d 710, and that under the facts herein Crawford was operating as a private carrier. In *Hantel*, the defendant transported a group of Caterpillar employees between various pickup points and the Caterpillar plant. The bus service was confined to individuals with whom specific arrangements had been made. Defendant did not advertise the bus service to the general public, nor transport indiscriminately all members of the general public. Based on these findings, the *Hantel* court determined that in operating this bus service, the defendant was acting as a private carrier.

Similarly, in the instant case, there is no allegation that either Crawford or the School District advertised its service to the general public, or that either transported indiscriminately all members of the general public who applied. Rather, by specific agreement, Crawford transported only special education students between home and school. Crawford, like the defendant in *Hantel*, provided a specific service to a specific group of people, namely, the School District's special education students. Therefore, defendant concludes that Crawford and by extension its alleged principal, the School District, were acting as private carriers.

Given the total absence of any allegation that Crawford either held itself out to, or in fact did, serve the general public or any members thereof except those students it contracted to carry, we are compelled to agree that Crawford, and by extension any principal of Crawford, was acting as a private carrier when the alleged injury occurred.

We find that the School District was not operating as a common carrier for the purposes of the "common carrier" exception to the Tort Immunity Act.

Certified question answered.

LYTTON, P.J., and HOLDRIDGE, J., concur.