No.  3--96--0597

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

JANE DOE, as Mother and       )  Appeal from the Circuit Court

Next Friend of JOHN DOE,      )  of the 12th Judicial Circuit,

a Minor and JANE DOE,         )  Will County, Illinois,

Individually,                 )

                              )

     Plaintiffs-Appellees,    )

                              )

     v.                       )  No.  94--L--11310

                              )

ROCKDALE SCHOOL DISTRICT,     )  

NO. 84,                       )  Honorable

                              )  Martin Rudman,

     Defendant-Appellant,     )  Judge, Presiding.

________________________________________________________________

                           OPINION   

________________________________________________________________

     Plaintiff, Jane Doe, individually and as mother and next

friend of John Doe, a minor, filed a complaint for negligence and

wilful and wanton conduct against the defendant, Rockdale School

District No. 84 (School District), seeking compensation for

injuries allegedly sustained by John Doe when another student

sexually assaulted him as he was being transported to school on

the school bus.  Defendant filed a motion to dismiss.  The trial

court denied the defendant's motion and certified the following

question for appeal:  whether the defendant providing

transportation to students to and from special education classes

out of county pursuant to contract with Crawford Bus Service,

Inc. (Crawford), is operating as a common carrier for purposes of

section 2-101(b) of the Local Governmental and Governmental

Employees Tort Immunity Act (Tort Immunity Act).  745 ILCS 10/2-

101(b) (West 1992).  

     In her complaint, plaintiff alleged that the School District

acted negligently and wilfully and wantonly in failing to

supervise, to provide an aide, to keep the students separated,

and to investigate the students who were transported on the

school bus.  Plaintiff further alleged that the transportation of

special education students to out of county locations was

provided by Crawford, a common carrier, pursuant to a contract

with the School District.

     The School District moved to dismiss those counts of

plaintiff's complaint directed against it on the grounds that no

agency relationship existed between it and Crawford, and that the

School District was immune from suit under various sections of

the Tort Immunity Act.  745 ILCS 10/1-101 et seq. (West 1992). 

Plaintiff conceded that the Tort Immunity Act immunized the

School District from liability for negligence, but claimed that

it did not immunize wilful and wanton behavior.  Plaintiff later

retracted this concession.

     At a hearing on the defendant's motion to dismiss, the trial

judge raised the issue of whether the "common carrier" exception

to the Tort Immunity Act (745 ILCS 10/2-101(b) (West 1992))

applied to a school district providing transportation to children

out of county pursuant to contract.  After considering

supplementary briefs on this issue, the trial court denied

defendant's motion to dismiss, and certified the issue for

appeal.

     Section 2-101 of the Tort Immunity Act (745 ILCS 10/2-101

(West 1992)) provides:  "Nothing in this Act affects the

liability, if any, of a local public entity or public employee,

based on *** (b) Operation as a common carrier."  In other words,

the Tort Immunity Act does not immunize public entities based on

operation as common carriers.  The Tort Immunity Act does not

however, define the term "common carrier".  

     Longstanding authority in Illinois has held that a common

carrier is "one who undertakes for the public to transport from

place to place such persons or goods of such as choose to employ

him for hire."  Beatrice Creamery Co. v. Fisher, 291 Ill. App.

495, 499, 10 N.E. 2d 220 (1937).  See also, Transformer Corp. of

America v. Hinchcliff, 279 Ill. App. 152 (1935); Illinois Highway

Transportation Co. v. Hantel, 323 Ill. App. 364, 55 N.E. 2d 710

(1944).  A common carrier undertakes for hire to carry all

persons indifferently, who may apply for passage so long as there

is room and there is no legal excuse for refusal.  Hantel, 323

Ill. App. 364, 55 N.E. 2d 710.  Moreover, a common carrier may be

liable for an unexcused refusal to carry all who apply.  Meyer v.

Rozran, 333 Ill. App. 301, 77 N.E. 2d 454 (1948).  The definitive

test to be employed to determine if a carrier is a common carrier

is whether the carrier serves all of the public alike.  Beatrice

Creamery Co., 291 Ill. App. 495; Rathbun v. Ocean Accident &

Guarantee Corp., 299 Ill. 562, 132 N.E. 754 (1921); Long v.

Illinois Power Co., 187 Ill. App. 3d 614, 543 N.E.2d 525 (1989).

     A private carrier by contrast undertakes by special

agreement, in a particular instance only, to transport persons or

property from one place to another either gratuitously or for

hire.  Long, 187 Ill. App. 3d 614, 543 N.E.2d 525.  A private

carrier makes no public profession to carry all who apply for

carriage, transports only by special agreement, and is not bound

to serve every person who may apply.  Meyer, 333 Ill. App. 301,

77 N.E.2d 454.  

     In the instant case, plaintiff alleged that Crawford was a

common carrier, and that when the School District contracted with

Crawford, the School District became Crawford's principal. 

Therefore, due to this agency relationship with a common carrier,

the School District was operating as a common carrier when

Crawford transported the School District's special education

students.  It is important to note that the precise question

before us is not whether Crawford was a common carrier, but

whether the School District as Crawford's alleged principal, was

operating as a common carrier in rendering the service during the

course of which the plaintiff's child was allegedly injured.  See

Rathbun, 299 Ill. 562, 132 N.E. 754.

     Under the terms of the agreement between the School District

and Crawford, Crawford agreed to transport the School District's

special education students at an agreed upon rate and for an

agreed upon period of time.  The contract did not provide for the

transportation of any additional passengers or cargo.  It is not 

alleged that other passengers or cargo were in fact transported

by the defendant or Crawford.  Plaintiff made no allegation that

either Crawford or the School District held itself out to the

public as available to transport all applicants who might apply

for transportation.  The allegation is merely that Crawford was a

common carrier, and as agent of the School District did transport

special education students to and from SMA therapeutic school and

their homes.

     Based on these facts, the School District argues that

neither it nor its alleged agent was operating as a common

carrier while transporting John Doe to and from school.  The

defendant argues that the instant case is closely analogous to

Hantel, 323 Ill. App. 364, 55 N.E. 2d 710, and that under the

facts herein Crawford was operating as a private carrier.  In

Hantel, the defendant transported a group of Caterpillar

employees between various pickup points and the Caterpillar

plant.  The bus service was confined to individuals with whom

specific arrangements had been made.  Defendant did not advertise

the bus service to the general public, nor transport

indiscriminately all members of the general public.  Based on

these findings, the Hantel court determined that in operating

this bus service, the defendant was acting as a private carrier. 

     Similarly, in the instant case, there is no allegation that

either Crawford or the School District advertised its service to

the general public, nor that either transported indiscriminately

all members of the general public who applied.  Rather, by

specific agreement, Crawford transported only special education

students between home and school.  Crawford, like the defendant

in Hantel, provided a specific service to a specific group of

people, namely the School District's special education students. 

Therefore, defendant concludes that Crawford, and by extension

its alleged principal, the School District, were acting as

private carriers.  

     Given the total absence of any allegation that Crawford

either held itself out to, or in fact did, serve the general

public or any members thereof except those students it contracted

to carry, we are compelled to agree that Crawford, and by

extension any principal of Crawford, was acting as a private

carrier when the alleged injury occurred.

     We find that the School District was not operating as a

common carrier for the purposes of the "common carrier" exception

to the Tort Immunity Act.

     Certified question answered.

     SLATER, J., with LYTTON, P.J., and HOLDRIDGE, J.,

concurring.