# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Jerome S.*, 2012 IL App (4th) 100862

---

| | |
|---|---|
| Appellate Court Caption | *In re*: JEROME S., a Minor, THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. JEROME S., Respondent-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0862 |
| Argued<br>Filed | March 6, 2012<br>April 23, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's adjudication of respondent as a delinquent based on the finding that he was guilty of aggravated battery arising from an incident in which he struck a school bus monitor was reversed and the cause was remanded for the entry of a judgment against respondent on the lesser-included offense of misdemeanor battery, since a school bus monitor is not a public transportation employee within the meaning of section 12-4(b)(9) of the Criminal Code. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 09-JD-299; the Hon. Heidi N. Ladd, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Jacqueline L. Bullard (argued), all of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and David E. Mannchen (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE COOK delivered the judgment of the court, with opinion.
Presiding Justice Turner and Justice Appleton concurred in the judgment and opinion.

## OPINION

¶ 1      Following a July 2010 bench trial, respondent, Jerome S., was found guilty of aggravated battery. In September 2010, the trial court adjudicated respondent delinquent, declared him a ward of the court, and sentenced him to 15 months' probation.

¶ 2      Respondent appeals, arguing the State failed to prove him guilty of aggravated battery under section 12-4(b)(9) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-4(b)(9) (West 2008)), because a school bus monitor is not a public transportation employee, and, as such, asks this court to reduce his adjudication to the lesser-included offense of misdemeanor battery. We agree with respondent and reverse and remand with directions to enter judgment against respondent on the lesser-included offense of misdemeanor battery.

¶ 3                                    I. BACKGROUND

¶ 4      In December 2009, the State filed a petition for adjudication of delinquency and wardship alleging respondent committed the offense of aggravated battery, a Class 3 felony. 720 ILCS 5/12-4(b)(9), (e)(1) (West 2008). The charge stemmed from an October 2009 incident in which respondent struck Linda Little, a school bus monitor, in the arms while on a school bus that was transporting respondent and 11 other special education children to Circle Academy, a therapeutic day school for children with mental health problems operated by Cunningham Children's Home. The charge was elevated to the level of aggravated battery based on the allegation that Little was an "employee of *** a transportation facility engaged in the business of transporting the public for hire, and *** was, at that time, performing in her capacity as an employee of [First Student]." See 720 ILCS 5/12-4(b)(9) (West 2008).

¶ 5      At the close of respondent's July 2010 bench trial, the trial court specifically noted that Little's uncontradicted testimony established that First Student (previously Laidlow Transportation) was a "public transportation or a transportation facility engaged in the

business of transporting the public for hire" and Little was acting as a bus monitor and, thus, performing in her capacity as an employee of First Student at the time of the incident. As a result, the court found respondent guilty of aggravated battery. At the September 2010 sentencing hearing, the court adjudicated respondent delinquent and sentenced him to 15 months' probation.

¶ 6    This appeal followed.

¶ 7                                      II. ANALYSIS

¶ 8    Respondent contends that the State failed to prove him guilty of aggravated battery beyond a reasonable doubt because a school bus monitor is not a public transportation employee within the meaning of section 12-4(b)(9) of the Criminal Code (720 ILCS 5/12-4(b)(9) (West 2008)). Respondent concedes, however, that a reasonable trier of fact could conclude he committed the lesser-included offense of misdemeanor battery (720 ILCS 5/12-3 (West 2008)) and thus requests that this court reduce his adjudication to misdemeanor battery. The State maintains that respondent was properly adjudicated delinquent upon the commission of aggravated battery because Little was performing in her capacity as a public transportation employee at the time of the incident. We agree with respondent.

¶ 9    Respondent's argument rests on his assertion that a school bus monitor is not a public transportation employee within the meaning of the aggravated-battery statute (720 ILCS 5/12-4(b)(9) (West 2008)). This is a question of statutory interpretation, which we review *de novo*. *People v. Whitney*, 188 Ill. 2d 91, 98, 720 N.E.2d 225, 229 (1999).

¶ 10   The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Davis*, 199 Ill. 2d 130, 135, 766 N.E.2d 641, 644 (2002). The legislature's intent is best gleaned from the plain language of the statute. *People v. Carter*, 213 Ill. 2d 295, 301, 821 N.E.2d 233, 237 (2004). The statute should be considered in its entirety in light of its subject matter and the legislature's objective in enacting it. *Davis*, 199 Ill. 2d at 135, 766 N.E.2d at 644. Additionally, statutes must be construed in such a way that no term or phrase is rendered meaningless or superfluous. See, *e.g.*, *Innovative Modular Solutions v. Hazel Crest School District 152.5*, 2012 IL 112052, ¶ 22, 2012 WL 312251, at *4. In interpreting the plain meaning, dictionary definitions can provide useful guidance. *People v. Dabbs*, 239 Ill. 2d 277, 288, 940 N.E.2d 1088, 1095 (2010). Any ambiguities in a penal statute must be construed in favor of the accused. *In re Rodney S.*, 402 Ill. App. 3d 272, 286, 932 N.E.2d 588, 601 (2010).

¶ 11   The statute under which respondent was adjudicated delinquent provides, in relevant part, as follows:

"(b) In committing a battery, a person commits aggravated battery if he or she:
* * *
(9) Knows the individual harmed to be the driver, operator, employee or passenger of any transportation facility or system engaged in the business of *transportation of the public for hire* and the individual assaulted is then performing in such capacity or then using such *public transportation* as a passenger or using any

area of any description designated by the transportation facility or system as a vehicle boarding, departure, or transfer location[.]" (Emphases added.) 720 ILCS 5/12-4(b)(9) (West 2008).

¶ 12    Specifically, respondent asserts that a private company that transports students to a private school is not "engaged in the business of transportation of the public for hire" or "public transportation." On the contrary, the State contends section 12-4(b)(9) applies to First Student by its express terms, because First Student is a school bus company hired by the school district to provide transportation for students to and from school and, thus, this contractual relationship falls within the statutory definition of a "transportation facility or system engaged in the business of transportation of the public for hire." Further, the State argues that a school bus is a public vehicle because its purpose is to transport students–a specific class of passengers who are members of the public.

¶ 13    The aggravated-battery statute does not specifically define "transportation of the public for hire" or "public transportation." "When a statutory term is not expressly defined, it is appropriate to denote its meaning through its ordinary and popularly understood definition." *People v. Baskerville*, 2012 IL 111056, ¶ 19, 2012 WL 525462, at *4 (citing *People v. Beachem*, 229 Ill. 2d 237, 244-45, 890 N.E.2d 515, 520 (2008)). "Public" is defined in relevant part, as "of, relating to, or affecting the people as an organized community"; "accessible to or shared by all members of the community"; and "the people as a whole." Webster's Third New International Dictionary 1836 (1981). Further, "public transportation" is defined as "buses, trains, subways, and other forms of transportation that charge set fares, run on fixed routes, and are available to the public." The New Oxford American Dictionary 1369 (2d ed. 2005). Applying the dictionary definitions of "public" and "public transportation," it is clear that a school bus is not "public" because transportation by school bus is available only to a select group of individuals, not the "people as a whole."

¶ 14    To further bolster his claim that a school bus is not involved in transporting the public for hire, respondent cites two cases that dealt with distinctions between "common carriers" and "private carriers." Respondent quotes this court's language in *Green v. Carlinville Community Unit School District No. 1*, 381 Ill. App. 3d 207, 887 N.E.2d 451 (2008), where we stated as follows:

"Long-standing authority in Illinois has held that a common carrier is 'one who undertakes for the public to transport from place to place such persons or the goods of such as choose to employ him for hire.' [Citations.] A common carrier 'undertakes for hire to carry all persons indifferently who may apply for passage so long as there is room and there is no legal excuse for refusal.' [Citations.] The definitive test to be employed to determine if a carrier is a common carrier is whether the carrier serves all of the public alike. [Citations.]

A private carrier, by contrast, undertakes by special agreement, in a particular instance only, to transport persons or property from one place to another either gratuitously or for hire. [Citation.] A private carrier makes no public profession to carry all who apply for carriage, transports only by special agreement, and is not bound to serve every person who may apply." (Internal quotation marks omitted.) *Green*, 381 Ill.

App. 3d at 211, 887 N.E.2d at 454-55 (quoting *Doe v. Rockdale School District No. 84*, 287 Ill. App. 3d 791, 793-94, 679 N.E.2d 771, 773 (1997)).

¶ 15    Both *Green* and *Doe* held that a school bus was a "private carrier" rather than a "common carrier" for purposes of liability or immunity on the part of the school district. Here, the term "common carrier" is not used in the aggravated-battery statute. Instead, we must determine only whether a school bus is "engaged in the business of transportation of the public for hire" and is considered "public transportation." Nonetheless, we find *Green* and *Doe* helpful to our analysis of whether a school bus is a "public vehicle" as the State posits. A "public vehicle" is defined as "[a] vehicle seeking employment from the general public." Webster's New International Dictionary 2005 (2d ed. 1956). The definition of "public vehicle" is similar to a "common carrier" because they both serve all of the public alike. Unlike a common carrier or a public vehicle, a school bus serves only students, a distinct group of individuals, generally for the purpose of transporting students to and from school. Here, First Student was hired to transport special education children to and from Circle Academy, a therapeutic day school for children with mental health problems. First Student transports only those students–and only a select group of students, *i.e.*, special education children with mental health problems–which it has contracted to pick up and is not obligated to serve every person who may apply.

¶ 16    To further bolster his argument, respondent next points out that the legislature distinguishes between the transportation of school children and "public" transportation in a variety of contexts. First, the Illinois Vehicle Code's definition of "school bus" expressly excludes buses that are "operated by a public utility, municipal corporation or common carrier authorized to conduct local or interurban transportation of passengers when such bus is not traveling a specific school bus route but is[ ] [o]n a regularly scheduled route for the transportation of other fare paying passengers." 625 ILCS 5/1-182(b) (West 2008); see also 625 ILCS 5/1-209.3 (West Supp. 2011) (defining "transit bus" as "[a] bus engaged in public transportation"). Second, transportation-related statutes similarly restrict the definition of "public transportation" to "transportation or conveyance of persons by means available to the *general public* including groups of the *general public* with special needs." (Emphases added.) 30 ILCS 740/4-1.3, 2-2.05 (West 2008); see also 30 ILCS 740/3-1.05 (West 2008).

¶ 17    Third, evidence that the legislature does not consider school buses to be public transportation is also found in criminal statutes. The list of aggravating sentencing factors in the Unified Code of Corrections distinguishes between "public transportation" and "school buses" by placing them in two separate subsections. Compare 730 ILCS 5/5-5-3.2(a)(16) (West 2008) ("the defendant committed an offense *** on any conveyance owned, leased, or contracted by a school to transport students to or from school or a school related activity"), with 730 ILCS 5/5-5-3.2(a)(25) (West Supp. 2009) ("the defendant committed the offense while the defendant or the victim was in a train, bus, or other vehicle used for public transportation"). Also, in the sentence-enhancement provisions of the unlawful use of weapons statute, the legislature distinguishes between school and public buses by separately listing vehicles used "to transport students to or from school or a school related activity" and vehicles which are "owned, leased, or contracted by a public transportation agency." 720 ILCS 5/24-1(c)(1) (West 2010). " '[P]ublic transportation agency' " is defined as "a public

-5-

or private agency that provides for the transportation or conveyance of persons by means available to the *general public*." (Emphasis added.) 720 ILCS 5/24-1(c)(5) (West 2010). " '[P]ublic transportation facility' " is defined as "a terminal or other place where one may obtain public transportation." 720 ILCS 5/24-1(c)(5) (West 2010). This distinction is further evidence that the legislature believes "school buses" are not included in the definition of "public transportation" because transportation by a school bus is not available to the *general public*. To read this provision to the contrary would render "school buses" superfluous.

¶ 18    Last, respondent asserts that "a broader reading of the phrases 'transportation of the public for hire' and 'public transportation' would be impermissible under the rule of lenity." The rule of lenity provides that ambiguities in criminal statutes should be resolved in a defendant's favor, so long as the rule is not "stretched so far as to defeat the legislature's intent." *People v. Fields*, 383 Ill. App. 3d 920, 922, 891 N.E.2d 990, 992 (2008). Because we have already found evidence that the legislature has made numerous distinctions between "school buses" and "public transportation," we need not conduct a rule of lenity analysis.

¶ 19                          III. CONCLUSION

¶ 20    For the reasons stated, we reverse the trial court's judgment with regard to the aggravated-battery conviction and remand with directions to enter judgment against respondent on the lesser-included offense of misdemeanor battery.

¶ 21    Reversed and remanded with directions.