(No. 85986.—)

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BRANDON WHITNEY, Appellee.

*Opinion filed October 21, 1999.*

0

92

HEIPLE, J., dissenting.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, Kenneth T. McCurry, Alan J. Spellberg and Daniel N. Furhman, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Barbara C. Kamm, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Brandon Whitney, was tried in the circuit court of Cook County on two counts of first degree murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1994)) and one count of aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1994)). The State's evidence established that on June 13, 1994, defendant and Lewis Dejan were shooting at a car leaving the student parking lot of Morgan Park High School in Chicago, Illinois. That car was driven by Aaron Holmes with Theodore Macklin

seated in the front passenger seat. At one point during the shooting, defendant reached into the car through the open window and fired multiple shots at its two occupants. As a result of the shooting, Aaron Holmes died of multiple gunshot wounds. Theodore Macklin suffered no injuries. Following a jury trial, defendant was found guilty of the first degree murder of Aaron Holmes and the aggravated discharge of a firearm with respect to Theodore Macklin. The trial court sentenced defendant to 50 years' imprisonment for the first degree murder conviction and 15 years' imprisonment for the aggravated discharge of a firearm conviction, with the sentences to run consecutively.

Defendant appealed to the appellate court challenging his sentences on the basis that (1) the trial court erred in ordering his sentences to run consecutively, rather than concurrently; (2) the trial court improperly considered an alleged prior conviction in aggravation when sentencing defendant; and (3) the lengths of his sentences reflect an abuse of discretion by the trial court. The appellate court remanded for a new sentencing hearing with directions that defendant serve his two sentences concurrently. 297 Ill. App. 3d 965.

Regarding the first issue, the appellate court noted that section 5—8—4(a) of the Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1994)) mandates the imposition of consecutive sentences where offenses are committed as part of a single course of conduct and one of those offenses is a Class X or Class 1 felony and the defendant inflicted severe bodily injury. The appellate court found that defendant committed first degree murder and aggravated discharge of a firearm while engaged in a single course of conduct. The appellate court further found that first degree murder is not a Class X or Class 1 felony, but that aggravated discharge of a firearm is a Class 1 felony under the facts of this case. Nonetheless,

the appellate court determined that consecutive sentences were not warranted under section 5—8—4(a) because the Class 1 felony of aggravated discharge of a firearm did not result in severe bodily injury to the victim of that crime, Theodore Macklin, who was not injured in the shooting. The appellate court refused to combine the severe bodily injury suffered by Aaron Holmes, who was murdered, with the Class 1 felony of the aggravated discharge of a firearm so as to trigger consecutive sentences under section 5—8—4(a).

The appellate court next addressed the trial court's consideration of defendant's alleged prior burglary conviction as a factor in aggravation at sentencing. The appellate court determined that the trial court had relied improperly upon a prior burglary conviction in sentencing defendant because defendant had no such prior conviction. The appellate court found that the record was not sufficient to determine whether the weight placed upon defendant's nonexistent prior conviction was significant. The appellate court thus remanded the cause to the trial court for it to determine whether the alleged prior conviction affected the length of the sentences imposed on defendant.

As a final matter, the appellate court determined that defendant's sentences for first degree murder and aggravated discharge of a firearm were both within applicable statutory limits.

We allowed the State's petition for leave to appeal, which raises only the issue relating to consecutive sentences. 177 Ill. 2d R. 315. The State does not challenge the appellate court's holding with respect to the trial court's improper consideration at sentencing of a nonexistent prior conviction. For the reasons that follow, we affirm the judgment of the appellate court.

## ANALYSIS

We must decide whether defendant was subject to

consecutive sentences under section 5—8—4(a) of the Illinois Unified Code of Corrections (730 ILCS 5/5—8—4(a) (West 1994)). Section 5—8—4(a) provides in pertinent part:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12—13 [criminal sexual assault] or 12—14 [aggravated criminal sexual assault] of the Criminal Code of 1961, in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4(a) (West 1994).

The State argues that the appellate court's construction of section 5—8—4(a) in this case is contrary to the plain meaning of the statute's language. The State contends that the statute is clear and not ambiguous. The State further contends that the plain language of the statute demonstrates that the legislature intended to impose consecutive sentences whenever a defendant commits multiple offenses in a single course of conduct, in which at least one of the offenses is a Class X or Class 1 felony, and where the defendant has inflicted severe bodily injury on at least one of the victims. According to the State, the trial court properly imposed consecutive sentences on defendant pursuant to section 5—8—4(a) because defendant committed two offenses during a single course of conduct, one of which was the Class 1 felony of aggravated discharge of a firearm, and inflicted severe bodily injury to Aaron Holmes.

Defendant responds that the plain language of section 5—8—4(a) indicates that a Class X or Class 1 felony is a triggering offense for mandatory consecutive sentences only when the infliction of the severe bodily harm occurred in the commission of that Class X or Class 1 felony, or was proximately related to that felony. Defen-

dant argues that he should not be subject to consecutive sentences under section 5—8—4(a) because, although he was convicted of a Class 1 felony, that felony did not result in the infliction of severe bodily injury to the victim of that felony, namely, Theodore Macklin.

The issue in this appeal, therefore, is whether the Class X or Class 1 felony must involve the infliction of severe bodily injury to the victim of that felony to trigger mandatory consecutive sentences under section 5—8—4(a). Our appellate court is divided over this issue. The First and Second Districts have held that the severe bodily injury requirement of section 5—8—4(a) must be proximately connected to the Class X or Class 1 felony for it to be a triggering offense. *People v. Medrano*, 282 Ill. App. 3d 887, 896-97 (1st Dist. 1996); *People v. Toliver*, 251 Ill. App. 3d 1092, 1099-1100 (2d Dist. 1993). The Third District, however, has held that section 5—8—4(a)'s severe bodily injury requirement does not have to be inflicted as part of the triggering felony. *People v. Syverson*, 293 Ill. App. 3d 199, 204 (3d Dist. 1997).

Our court has previously examined the general application of section 5—8—4(a). We have held that section 5—8—4(a) provides for two separate and distinct exceptions to the general prohibition against consecutive sentences for offenses arising out of a single course of conduct. *People v. Wittenmyer*, 151 Ill. 2d 175, 195-96 (1992). The first exception is that, where one of the offenses for which the defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, the imposition of consecutive sentences is mandatory. *Wittenmyer*, 151 Ill. 2d at 195. The second exception is that, where the defendant was convicted of criminal sexual assault or aggravated criminal sexual assault (720 ILCS 5/12—13, 12—14 (West 1994)), the imposition of consecutive sentences is mandatory. *Wittenmyer*, 151 Ill. 2d at 195-96. This court has also determined

that section 5—8—4(a)'s application is limited to those instances where the offenses are committed in a single course of conduct (*People v. Bole*, 155 Ill. 2d 188, 198 (1993) (rejecting the State's argument that section 5—8—4(a) applies regardless of whether the offenses were committed in a single course of conduct)), and that trial courts are required to impose consecutive sentences when the statutory criteria are satisfied (*People v. Arna*, 168 Ill. 2d 107, 113 (1995) (holding that a sentence that fails to comply with the mandatory provisions of section 5—8—4(a) is void and may be corrected at any time)). Moreover, this court has held that consecutive sentences are mandatory only for those offenses which trigger the application of section 5—8—4(a), and that the consecutive sentences imposed for triggering offenses must be served prior to, and independent of, any sentences imposed for nontriggering offenses. *People v. Curry*, 178 Ill. 2d 509, 538-39 (1997). Despite our prior considerations of section 5—8—4(a), this court has not addressed the precise issue before us in this appeal.

We are called upon here to interpret the meaning of the first exception under section 5—8—4(a). Well-established principles of statutory construction assist our resolution of the issue presented in this appeal. The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Hickman*, 163 Ill. 2d 250, 261 (1994); *People v. Zaremba*, 158 Ill. 2d 36, 40 (1994). The language of a statute is the best means of determining legislative intent. *Hickman*, 163 Ill. 2d at 261; *Zaremba*, 158 Ill. 2d at 40. The statutory language should be given its plain and ordinary meaning. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996). Where statutory language is clear and not ambiguous, its plain meaning will be given effect. *Hickman*, 163 Ill. 2d at 261; *Zaremba*, 158 Ill. 2d at 40. Where statutory language is ambiguous, however, a court may consider other extrinsic

aids for construction, including legislative history, to resolve the ambiguity and determine legislative intent. *Hickman*, 163 Ill. 2d at 261; *Zaremba*, 158 Ill. 2d at 40. Moreover, penal statutes are strictly construed in favor of the defendant as a general matter. *Robinson*, 172 Ill. 2d at 461; *People v. Brooks*, 158 Ill. 2d 260, 264 (1994). Any ambiguity in a penal statute should be construed and resolved in favor of the defendant. *Robinson*, 172 Ill. 2d at 457; *People v. Alejos*, 97 Ill. 2d 502, 512 (1983). Because the construction of a statute is a question of law, the standard of review is *de novo*. *Robinson*, 172 Ill. 2d at 457.

Applying these principles, we find that the first exception is ambiguous because it is susceptible to two equally reasonable and conflicting interpretations. Both the interpretation advanced by the State and the interpretation advanced by defendant are reasonable. As noted by the State, there is no specific reference tying the requirement of severe bodily injury to the Class X or Class 1 felony. Nonetheless, it is reasonable to associate the severe bodily injury with the Class X or Class 1 felony given its inclusion in the same exception. Accordingly, the plain language does not clearly reveal the legislative intent. Furthermore, the legislative history regarding section 5—8—4(a) is of no assistance in clarifying the intent of the legislature in enacting the first exception. Any references in the legislative debates to section 5—8—4(a) and the imposition of consecutive sentences are limited to explaining in general terms the subject nature of the proposed legislation. In light of the ambiguous nature of the first exception under section 5—8—4(a) and the lack of insight from the legislative history, we must interpret section 5—8—4(a) in favor of the defendant. Consequently, we construe the first exception under section 5—8—4(a) as requiring consecutive sentencing where the defendant has been convicted of either a Class X or

Class 1 felony and where he had inflicted severe bodily injury during the commission of that felony. Accordingly, to the extent that *People v. Syverson*, 293 Ill. App. 3d 199 (1997), conflicts with this decision, it is hereby overruled.

We reject the State's contention that this interpretation of section 5—8—4(a) leads to an absurd result because only those Class X or Class 1 felonies in which severe bodily injury is an inherent factor will qualify as triggering offenses. First, we disagree that only Class X or Class 1 felonies where severe bodily injury is an inherent factor trigger consecutive sentences under section 5—8—4(a). Instead, any Class X or Class 1 felony that results in severe bodily injury being inflicted on the victim of that felony triggers consecutive sentences. Moreover, the circumstances in which consecutive sentences are mandatory are exceptions to the general rule prohibiting such sentences when offenses are committed as part of a single course of conduct. It is therefore reasonable to limit the application of the first exception set forth in section 5—8—4(a) to cases where there is a Class X or Class 1 felony involving the infliction of severe bodily injury.

We next apply our interpretation of section 5—8—4(a) to defendant in this case. Here, defendant was convicted of the first degree murder of Aaron Holmes and the aggravated discharge of a firearm with respect to Theodore Macklin. There is no dispute that defendant committed these crimes as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective. Consequently, defendant is subject to consecutive sentences only if either of the exceptions set forth in section 5—8—4(a) are applicable. Obviously, the second exception under section 5—8—4(a) does not apply because defendant was not convicted of the enumerated crimes, namely criminal sexual assault or aggravated criminal sexual assault. At

issue is whether the first exception applies so as to require mandatory consecutive sentencing. First degree murder is not a Class X or Class 1 felony; rather, it is its own class of felony. 730 ILCS 5/5—5—1(b) (West 1994). Aggravated discharge of a firearm is a Class 1 felony. 720 ILCS 5/24—1.2(a)(2), (b) (West 1994). Defendant's conduct, however, in committing the offense of aggravated discharge of a firearm did not result in severe bodily injury to the victim of that felony, Theodore Macklin. We therefore hold that the requirements for the first exception under section 5—8—4(a) have not been satisfied. Consequently, consecutive sentences are not warranted in this case. Rather, defendant was subject only to concurrent sentences for first degree murder and aggravated discharge of a firearm.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the appellate court in remanding for a new sentencing hearing and ordering the trial court to impose concurrent sentences.

*Affirmed.*

JUSTICE HEIPLE, dissenting:

Section 5—8—4(a) of the Unified Code of Corrections authorizes consecutive sentences for offenses which are committed as part of a single course of conduct if "one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury." 730 ILCS 5/5—8—4(a) (West 1994). Defendant was convicted of first degree murder and aggravated discharge of a firearm for firing a gun into a car, killing the driver but leaving the passenger uninjured. The trial court imposed consecutive sentences for these offenses because defendant committed a Class 1 felony (aggravated discharge of a firearm) and inflicted severe bodily injury (the shooting of the driver) during a

single course of conduct. The majority holds that consecutive sentences are improper in this case because the severe bodily injury did not result directly from the aggravated discharge of a firearm, which is the only Class X or Class 1 felony for which defendant was convicted.[1] Section 5—8—4(a), however, imposes no such requirement. Therefore, I respectfully dissent.

Even the majority admits that the requirement it reads into section 5—8—4(a) does not exist. The majority concedes that "there is no specific reference [in section 5—8—4(a)] tying the requirement of severe bodily injury to the Class X or Class 1 felony." 188 Ill. 2d at 98. The majority's holding rests solely on the specious proposition that section 5—8—4(a) is ambiguous and, therefore, must be construed in favor of defendant. The majority states that section 5—8—4(a) is ambiguous because

"[b]oth the interpretation advanced by the State and the interpretation advanced by defendant are *reasonable*. As noted by the State, there is no specific reference tying the requirement of severe bodily injury to the Class X or Class 1 felony. Nonetheless, it is *reasonable* to associate the severe bodily injury with the Class X or Class 1 felony given its inclusion in the same exception." (Emphasis added.) 188 Ill. 2d at 98.

Of course it is "reasonable" to associate the severe bodily injury and Class X or Class 1 felony. They are both part of the same exception authorizing consecutive sentences. What is patently unreasonable (and illegitimate) is the majority's decision to impose an additional requirement that the severe bodily injury must result directly from the commission of the Class X or Class 1 felony.

The language of section 5—8—4(a) could not be any clearer. The plain language of section 5—8—4(a) requires only that a defendant commit either a Class X or Class 1 felony and inflict severe bodily injury during the same

---

[1]First degree murder is neither a Class X nor Class 1 felony. See 730 ILCS 5/5—5—1(b) (West 1994).

single course of conduct. Had the legislature intended to require that severe bodily injury result directly from the commission of the Class X or Class 1 felony, it would have included such a requirement in the statute.

The majority's confused statutory construction is understandable because it is clear that the majority's analysis is guided by what it believes is "reasonable" rather than what the language of the statute actually says. This court has no authority to rewrite statutes to make them consistent with its own idea of reasonableness and sound public policy. See *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 395 (1998). Such responsibility lies solely with the legislature.