THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BARNETT CARNEY, Defendant-Appellant.

First District (4th Division)   No. 1—98—4677

Opinion filed January 31, 2002.—Modified on denial of rehearing March 7, 2002.

Michael J. Pelletier and Linda Olthoff, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William L. Toffenetti, William D. Carroll, Alan J. Spellberg, and Martin La Scola, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

Following a jury trial, defendant Barnett Carney was convicted of first degree murder and armed robbery and sentenced to consecutive terms of 29 years' imprisonment for murder and 10 years' imprisonment for armed robbery. On appeal, defendant argued that: (1) he was denied his right to effective assistance of counsel because his attorney failed to request a separate jury verdict form for the offense of felony murder; (2) the trial court erred in imposing consecutive sentences for first degree murder and armed robbery under sections 5—8—4(a) and (b) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—4(a), (b) (West 1996)); and (3) the trial court abused its discretion in sentencing defendant without properly considering all mitigating factors. Defendant filed a supplemental brief, arguing that the Illinois consecutive sentencing scheme was unconstitutional because it violated his right to due process and a jury trial, citing *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

In our previous opinion (*People v. Carney*, 317 Ill. App. 3d 806, 740 N.E.2d 435 (2000)), we found consecutive sentencing under section 5—8—4(a) of the Code unconstitutional under *Apprendi* and, therefore, did not address defendant's other consecutive sentencing arguments. However, we did resolve defendant's other contention concerning ineffective assistance of counsel, holding that defendant's counsel's performance was not deficient. Because both deficient performance and prejudice are required in order to properly allege a claim of ineffective assistance of counsel, we did not need to address the second prong of prejudice and, thus, defendant failed to prove his

claim. We also rejected defendant's contention that the trial court failed to consider mitigating factors at sentencing. The Illinois Supreme Court then granted the State's petition for leave to appeal and reversed, holding "that consecutive sentences imposed under section 5—8—4(a) of the Code do not violate the due process rights of defendants and that the Supreme Court's *Apprendi* decision does not apply to such sentences." *People v. Carney*, 196 Ill. 2d 518, 536, 752 N.E.2d 1137, 1147 (2001). The supreme court then remanded the cause to this court for consideration of defendant's other arguments raised on appeal but not previously addressed by this court. On remand, we now address only defendant's argument that the trial court erred in imposing consecutive sentences under sections 5—8—4(a) and 5—8—4(b) of the Code.

The following facts are relevant to our analysis. On September 26, 1997, the decedent, Richarde Frazier, was shooting dice with Charles Epps in front of the residence of 6401 South Maryland in Chicago. Tamika Johnson, Epps' girlfriend, stood nearby watching for the police. After approximately 10 minutes, the game was interrupted by three people. Johnson testified that one of the individuals was wearing a Halloween mask and that the others wore hooded sweatshirts pulled tightly around their faces. One of the hooded men and the masked man stopped where Frazier and Epps were shooting dice, while the third man walked to the corner. After seeing this, Johnson ran toward the porch of the residence at 6401 South Maryland and got down on the ground.

Johnson testified that she heard the unknown men tell Frazier and Epps to get on the ground and surrender their money. After both men dropped to their knees, the man with the mask held a gun close to Frazier and took money from his pocket. She saw Frazier struggle with his assailant and then heard a loud shot. Frazier fell to the ground and died 15 days later as a result of complications from the gunshot wound.

Defendant later spoke to Assistant State's Attorney Muldoon, who reported defendant's account at trial. According to Muldoon, defendant stated that he and Tucker were driving in defendant's car and that Tucker had the mask and gun. When they arrived at 64th and Maryland, they saw a dice game in progress. Defendant indicated that Epps walked over to their vehicle and told them that Frazier was "sweet," meaning that he was an easy target for a robbery. At this point, they made a plan to rob the dice game. Defendant stated that Tucker wore the mask and had the gun, and that defendant had a skull cap pulled over his head. Defendant and Tucker decided to pretend to rob Epps and then actually rob Frazier. While defendant

pretended to pat down Epps, Tucker forced Frazier to the ground and took his money. Defendant then observed a struggle between the two, and Tucker shot Frazier. They took $4 from Frazier, Tucker ran home with the gun and mask, and defendant ran and hid.

The jury returned a verdict of guilty on both offenses, and the court imposed consecutive sentences of 29 years for the offense of intentional first degree murder and 10 years for armed robbery.

Defendant argues that the trial court erred in imposing consecutive sentences for first degree murder and armed robbery under sections 5—8—4(a) and (b) of the Code (730 ILCS 5/5—8—4(a), (b) (West 1996 & Supp. 1997)). At the time of defendant's crimes, section 5—8—4(a) provided for mandatory consecutive sentences where the offenses were committed in a single course of conduct and one of the offenses was a triggering offense as delineated in the statute. *People v. Sergeant*, 326 Ill. App. 3d 974, 986 (2001). In this case, the triggering offense was a Class X or Class 1 felony where defendant inflicted severe bodily injury during the commission of that felony on the victim of that felony. 730 ILCS 5/5—8—4(a) (West 1996); *People v. Whitney*, 188 Ill. 2d 91, 98-100, 720 N.E.2d 225, 229-30 (1999); *People v. Sergeant*, 326 Ill. App. 3d at 988-89. Section 5—8—4(b) allows a trial court, in its discretion, to impose consecutive sentences for offenses not committed in a single course of conduct where the court finds that such sentences are necessary for the protection of the public. 730 ILCS 5/5—8—4(b) (West 1996); *People v. Wilder*, 325 Ill. App. 3d 987, 760 N.E.2d 496 (2001). Effective July 22, 1997, the legislature amended section 5—8—4(b) to require mandatory consecutive sentences for triggering offenses not committed as part of a single course of conduct. 730 ILCS 5/5—8—4(b) (West 1996 & Supp. 1997); *People ex rel. Waller v. McKoski*, 195 Ill. 2d 393, 398-401, 748 N.E.2d 175, 178-79 (2001); *People v. Sergeant*, 326 Ill. App. 3d at 991; *Wilder*, 325 Ill. App. 3d at 999, 760 N.E.2d at 507. Thus, the 1997 amendment had the practical effect of requiring consecutive sentences on all triggering offenses, making a determination of whether defendant's offenses were committed within a single course of conduct no longer relevant in imposing mandatory consecutive sentencing. *People v. Sergeant*, 326 Ill. App. 3d at 991.

Here, armed robbery is a triggering offense, a Class X felony. Defendant argues that consecutive sentences are improper because the severe bodily injury was related to the first degree murder, a nontriggering offense, and not to the armed robbery.[1] However, our supreme

---

[1]Effective January 1, 2000, the legislature amended sections 5—8—4(a) and (b) to include first degree murder as a triggering offense. 730 ILCS 5/5—8—4(a), (b) (West 2000).

court's holding in *Whitney* supports the proposition that, while murder itself was not a triggering offense, the death of the victim of a triggering offense may provide the basis for a finding of severe bodily injury under section 5—8—4(a). See *People v. Sergeant*, 326 Ill. App. 3d at 990. *Whitney* then explained the relationship between the Class X or Class 1 felony and the severe bodily injury: defendant must inflict the injury on the victim of the Class X or Class 1 felony "during the commission of" that felony. *Whitney*, 188 Ill. 2d at 98-99, 720 N.E.2d at 229. See also *People v. Sample*, 326 Ill. App. 3d 914, 926 (2001).

■ In this case, the facts comport with *Whitney*. Defendant and Tucker conspired to rob the victim during a dice game and used a gun to commit the robbery. While stealing $4, Tucker struggled with the victim before shooting and killing him. Thus, the death occurred during the commission of the armed robbery to the victim of that felony and the trial court properly held that consecutive sentences were mandatory under sections 5—8—4(a) and 5—8—4(b).

Defendant cites *People v. Strickland*, 154 Ill. 2d 489, 609 N.E.2d 1366 (1992), and *People v. Medrano*, 282 Ill. App. 3d 887, 669 N.E.2d 114 (1996), in support of his argument. However, both cases are inapposite to the case at bar. In *Strickland*, the defendant killed a police officer before taking the officer's weapon. The court noted that stealing the gun was armed robbery, but that it did not involve severe bodily injury for the purposes of section 5—8—4(a). *People v. Strickland*, 154 Ill. 2d 489, 540-41, 609 N.E.2d 1366, 1389 (1992). However, the court gave no analysis for this holding. Further, it mentioned it only within a substantial discussion of the dispositive issue in the case, single course of conduct, and ultimately upheld the imposition of consecutive sentences. See *People v. Sample*, 326 Ill. App. 3d at 928. In *Medrano*, the court provided no explanation or factual basis for its holding that there was no proximate connection between the severe bodily injury and the armed robbery or kidnaping. See *People v. Sample*, 326 Ill. App. 3d at 928. Further, even if we followed *Medrano*'s "proximate connection" language, we find that the facts of this case meet that definition. Accordingly, we reject defendant's argument and uphold defendant's consecutive sentences.

■ Defendant next contends that his consecutive sentence constitutes impermissible double enhancement because Frazier's death was used both to support a first degree murder conviction and to impose mandatory consecutive sentences, citing *People v. Miller*, 193 Ill. App. 3d 918, 552 N.E.2d 988 (1989), and *People v. Biggs*, 294 Ill. App. 3d 1046, 691 N.E.2d 48 (1998). *Miller* involved two voluntary manslaughter convictions, Class 1 felonies. The court held that the manslaughter deaths could not be considered severe bodily injury for the imposition

of a consecutive sentence because the severe bodily injury of death was also the essential element of the voluntary manslaughter offense, and vacated defendant's consecutive sentences. *People v. Miller*, 193 Ill. App. 3d 918, 930, 552 N.E.2d 988, 996 (1989). *Biggs* cited *Miller* and implicitly followed its rationale.

*Miller* correctly stated the law regarding double enhancement, holding that the same factor relied upon as an essential element of an offense cannot thereafter also be used to enhance the penalty for the commission of that crime. *Miller*, 193 Ill. App. 3d at 930, 552 N.E.2d at 996. However, recent Illinois Supreme Court opinions in *Carney*, *People v. Wagener*, and *Whitney* reveal that consecutive sentencing does not implicate double enhancement concerns. It is well settled that sentences which run consecutively to each other are not transmuted thereby into a single sentence and cannot be combined as though they were one sentence for one offense. *Carney*, 196 Ill. 2d at 530, 752 N.E.2d at 1144; *People v. Wagener*, 196 Ill. 2d 269, 286, 752 N.E.2d 430, 441 (2001). Instead, consecutive sentences constitute separate sentences for each crime of which defendant has been convicted and must be treated individually. *Carney*, 196 Ill. 2d at 529-30, 752 N.E.2d at 1143-44. Consecutive sentences are discrete sentences, affecting only the manner in which the sentences are served and do not alter the range of punishment for a given crime. *Carney*, 196 Ill. 2d at 530-35, 752 N.E.2d at 1144-46. Thus, consecutive sentences are not implicated by *Apprendi*, which only applies to sentences for individual crimes and dictates that any fact, other than a prior conviction, that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000); *Wagener*, 196 Ill. 2d at 287, 752 N.E.2d at 442. Therefore, consecutive sentences do not enhance the punishment for an individual offense. *People v. Sample*, 326 Ill. App. 3d at 931.

Moreover, *Whitney* rejected the contention that only Class X and Class 1 felonies in which severe bodily injury is an inherent factor will qualify as triggering offenses. *Whitney*, 188 Ill. 2d at 99, 720 N.E.2d at 229. Instead, any Class X or Class 1 felony that results in severe bodily injury being inflicted on the victim of that felony triggers consecutive sentences. *Whitney*, 188 Ill. 2d at 99, 720 N.E.2d at 229. Thus, the *Whitney* court was not concerned that consecutive sentences could violate double enhancement principles. We find that our supreme court has implicitly rejected *Miller*'s application of double enhancement to consecutive sentencing and decline to follow *Miller*. Further, even if we agreed with *Miller*, it is distinguishable because, here, se-

vere bodily injury is not inherent in the triggering offense of armed robbery and, thus, does not implicate double enhancement concerns. Accordingly, we reject defendant's argument.

For the reasons set forth above, we thereby affirm the judgment of the circuit court.

Affirmed.

GREIMAN and REID, JJ., concur.