FOURTH DIVISION
 March 7, 2002

No. 1-98-4677

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from
 ) the Circuit Court
 Plaintiff-Appellee, ) of Cook County.
 )
 v. ) No. 97-CR-29458
 )
BARNETT CARNEY, ) Honorable
 ) Colleen McSweeney-
Moore,
 Defendant-Appellant. ) Judge Presiding.

 SUPPLEMENTAL OPINION UPON REMAND
 MODIFIED UPON DENIAL OF REHEARING

 JUSTICE THEIS delivered the opinion of the court:

 Following a jury trial, defendant Barnett Carney was convicted
of first degree murder and armed robbery and sentenced to consecutive
terms of 29 years' imprisonment for murder and 10 years' imprisonment
for armed robbery. On appeal, defendant argued that: (1) he was
denied his right to effective assistance of counsel because his
attorney failed to request a separate jury verdict form for the
offense of felony murder; (2) the trial court erred in imposing
consecutive sentences for first degree murder and armed robbery under
sections 5-8-4(a) and (b) of the Unified Code of Corrections (Code)
(730 ILCS 5/5-8-4(a), (b) (West 1996)); and (3) the trial court abused
its discretion in sentencing defendant without properly considering
all mitigating factors. Defendant filed a supplemental brief, arguing
that the Illinois consecutive sentencing scheme was unconstitutional
because it violated his right to due process and a jury trial, citing
Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct.
2348 (2000).
 In our previous opinion (People v. Carney, 317 Ill. App. 3d 806,
740 N.E.2d 435 (2000)), we found consecutive sentencing under section
5-8-4(a) of the Code unconstitutional under Apprendi and, therefore,
did not address defendant's other consecutive sentencing arguments.
However, we did resolve defendant's other contention concerning
ineffective assistance of counsel, holding that defendant's counsel's
performance was not deficient. Because both deficient performance and
prejudice are required in order to properly allege a claim of
ineffective assistance of counsel, we did not need to address the
second prong of prejudice and, thus, defendant failed to prove his
claim. We also rejected defendant's contention that the trial court
failed to consider mitigating factors at sentencing. The Illinois
Supreme Court then granted the State's petition for leave to appeal
and reversed, holding "that consecutive sentences imposed under
section 5-8-4(a) of the Code do not violate the due process rights of
defendants and that the Supreme Court's Apprendi decision does not
apply to such sentences." People v. Carney, 196 Ill. 2d 518, 536, 752
N.E.2d 1137, 1147 (2001). The supreme court then remanded the case to
this court for consideration of defendant's other arguments raised on
appeal but not previously addressed by this court. On remand, we now
address only defendant's argument that the trial court erred in
imposing consecutive sentences under sections 5-8-4(a) and 5-8-4(b) of
the Code.
 The following facts are relevant to our analysis. On September
26, 1997, the decedent, Richarde Frazier, was shooting dice with
Charles Epps in front of the residence of 6401 South Maryland in
Chicago. Tamika Johnson, Epps' girlfriend, stood nearby watching for
the police. After approximately 10 minutes, the game was interrupted
by three people. Johnson testified that one of the individuals was
wearing a Halloween mask and that the others wore hooded sweatshirts
pulled tightly around their faces. One of the hooded men and the
masked man stopped where Frazier and Epps were shooting dice, while
the third man walked to the corner. After seeing this, Johnson ran
toward the porch of the residence at 6401 South Maryland and got down
on the ground.
 Johnson testified that she heard the unknown men tell Frazier
and Epps to get on the ground and surrender their money. After both
men dropped to their knees, the man with the mask held a gun close to
Frazier and took money from his pocket. She saw Frazier struggle with
his assailant and then heard a loud shot. Frazier fell to the ground
and died 15 days later as a result of complications from the gunshot
wound.
 Defendant later spoke to Assistant State's Attorney Muldoon, who
reported defendant's account at trial. According to Muldoon,
defendant stated that he and Tucker were driving in defendant's car
and that Tucker had the mask and gun. When they arrived at 64th and
Maryland, they saw a dice game in progress. Defendant indicated that
Epps walked over to their vehicle and told them that Frazier was
"sweet," meaning that he was an easy target for a robbery. At this
point, they made a plan to rob the dice game. Defendant stated that
Tucker wore the mask and had the gun, and that defendant had a skull
cap pulled over his head. Defendant and Tucker decided to pretend to
rob Epps and then actually rob Frazier. While defendant pretended to
pat down Epps, Tucker forced Frazier to the ground and took his money.
 Defendant then observed a struggle between the two, and Tucker shot
Frazier. They took $4 from Frazier, Tucker ran home with the gun and
mask, and defendant ran and hid.
 The jury returned a verdict of guilty on both offenses, and the
court imposed consecutive sentences of 29 years for the offense of
intentional first degree murder and 10 years for armed robbery.
 Defendant argues that the trial court erred in imposing
consecutive sentences for first degree murder and armed robbery under
sections 5-8-4(a) and (b) of the Code. 730 ILCS 5/5-8-4(a), (b) (West
1996 & Supp. 1997). At the time of defendant's crimes, section 5-8-
4(a) provided for mandatory consecutive sentences where the offenses
were committed in a single course of conduct and one of the offenses
was a triggering offense as delineated in the statute. People v.
Sergeant, No. 1-99-1609, slip op. at 20 (November 30, 2001). In this
case, the triggering offense was a Class X or Class 1 felony where
defendant inflicted severe bodily injury during the commission of that
felony on the victim of that felony. 730 ILCS 5/5-8-4(a) (West 1996);
People v. Whitney, 188 Ill. 2d 91, 98-100, 720 N.E.2d 225, 229-30
(1999); People v. Sergeant, slip op. at 24. Section 5-8-4(b) allows a
trial court, in its discretion, to impose consecutive sentences for
offenses not committed in a single course of conduct where the court
finds that such sentences are necessary for the protection of the
public. 730 ILCS 5/5-8-4(b) (West 1996); People v. Wilder, 325 Ill.
App. 3d 987, 760 N.E.2d 496 (2001). Effective July 22, 1997, the
legislature amended section 5-8-4(b) to require mandatory consecutive
sentences for triggering offenses not committed as part of a single
course of conduct. 730 ILCS 5/5-8-4(b) (West 1996 & Supp. 1997);
People ex rel. Waller v. McKoski, 195 Ill. 2d 393, 398-401, 748 N.E.2d
175, 178-79 (2001); People v. Sergeant, slip op. at 28-29; Wilder, 325
Ill. App. 3d at 999, 760 N.E.2d at 507. Thus, the 1997 amendment had
the practical effect of requiring consecutive sentences on all
triggering offenses, making a determination of whether defendant's
offenses were committed within a single course of conduct no longer
relevant in imposing mandatory consecutive sentencing. People v.
Sergeant, slip op. at 29.
 Here, armed robbery is a triggering offense, a Class X felony.
Defendant argues that consecutive sentences are improper because the
severe bodily injury was related to the first degree murder, a
nontriggering offense, and not to the armed robbery.[1] However, our
supreme court's holding in Whitney supports the proposition that,
while murder itself was not a triggering offense, the death of the
victim of a triggering offense may provide the basis for a finding of
severe bodily injury under section 5-8-4(a). People v. Sergeant, slip
op. at 26-27. Whitney then explained the relationship between the
Class X or Class 1 felony and the severe bodily injury: defendant
must inflict the injury on the victim of the Class X or Class 1 felony
"during the commission of" that felony. Whitney, 188 Ill. 2d at 98-
99, 720 N.E.2d at 229. See also People v. Sample, No. 1-99-2204, slip
op. at 16-17 (December 18, 2001).
 In this case, the facts comport with Whitney. Defendant and
Tucker conspired to rob the victim during a dice game and used a gun
to commit the robbery. While stealing $4, Tucker struggled with the
victim before shooting and killing him. Thus, the death occurred
during the commission of the armed robbery to the victim of that
felony and the trial court properly held that consecutive sentences
were mandatory under sections 5-8-4(a) and 5-8-4(b).
 Defendant cites People v. Strickland, 154 Ill. 2d 489, 609
N.E.2d 1366 (1992), and People v. Medrano, 282 Ill. App. 3d 887, 669
N.E.2d 114 (1996), in support of his argument. However, both cases
are inapposite to the case at bar. In Strickland, the defendant
killed a police officer before taking the officer's weapon. The court
noted that stealing the gun was armed robbery, but that it did not
involve severe bodily injury for the purposes of section 5-8-4(a).
People v. Strickland, 154 Ill. 2d 489, 540-41, 609 N.E.2d 1366, 1389
(1992). However, the court gave no analysis for this holding.
Further, it mentioned it only within a substantial discussion of the
dispositive issue in the case, single course of conduct, and
ultimately upheld the imposition of consecutive sentences. People v.
Sample, slip op. at 19. In Medrano, the court provided no explanation
or factual basis for its holding that there was no proximate
connection between the severe bodily injury and the armed robbery or
kidnaping. People v. Sample, slip op. at 19-20. Further, even if we
followed Medrano's "proximate connection" language, we find that the
facts of this case meet that definition. Accordingly, we reject
defendant's argument and uphold defendant's consecutive sentences.
 Defendant next contends that his consecutive sentence
constitutes impermissible double enhancement because Frazier's death
was used both to support a first degree murder conviction and to
impose mandatory consecutive sentences, citing People v. Miller, 193
Ill. App. 3d 918, 552 N.E.2d 988 (1989), and People v. Biggs, 294 Ill.
App. 3d 1046, 691 N.E.2d 48 (1998). Miller involved two voluntary
manslaughter convictions, Class 1 felonies. The court held that the
manslaughter deaths could not be considered severe bodily injury for
the imposition of a consecutive sentence because the severe bodily
injury of death was also the essential element of the voluntary
manslaughter offense, and vacated defendant's consecutive sentences.
People v. Miller, 193 Ill. App. 3d 918, 930, 552 N.E.2d 988, 996
(1989). Biggs cited Miller and implicitly followed its rationale.
 Miller correctly stated the law regarding double enhancement,
holding that the same factor relied upon as an essential element of an
offense cannot thereafter also be used to enhance the penalty for the
commission of that crime. Miller, 193 Ill. App. 3d at 930, 552 N.E.2d
at 996. However, recent Illinois Supreme Court opinions in Carney,
People v. Wagener, and Whitney reveal that consecutive sentencing does
not implicate double enhancement concerns. It is well settled that
sentences which run consecutively to each other are not transmuted
thereby into a single sentence and cannot be combined as though they
were one sentence for one offense. Carney, 196 Ill. 2d at 530, 752
N.E.2d at 1144; People v. Wagener, 196 Ill. 2d 269, 286, 752 N.E.2d
430, 441 (2001). Instead, consecutive sentences constitute separate
sentences for each crime of which defendant has been convicted and
must be treated individually. Carney, 196 Ill. 2d at 529-30, 752
N.E.2d at 1143-44. Consecutive sentences are discrete sentences,
affecting only the manner in which the sentences are served and do not
alter the range of punishment for a given crime. Carney, 196 Ill. 2d
at 530-35, 752 N.E.2d at 1144-46. Thus, consecutive sentences are not
implicated by Apprendi, which only applies to sentences for individual
crimes and dictates that any fact, other than a prior conviction, that
increases the penalty for a crime beyond the statutory maximum must be
submitted to a jury. Apprendi v. New Jersey, 530 U.S. 466, 490, 147
L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000); Wagener, 196 Ill.
2d at 287, 752 N.E.2d at 442. Therefore, consecutive sentences do not
enhance the punishment for an individual offense. People v. Sample,
slip op. at 23.
 Moreover, Whitney rejected the contention that only Class X and
Class 1 felonies in which severe bodily injury is an inherent factor
will qualify as triggering offenses. Whitney, 188 Ill. 2d at 99, 720
N.E.2d at 229. Instead, any Class X or Class 1 felony that results in
severe bodily injury being inflicted on the victim of that felony
triggers consecutive sentences. Whitney, 188 Ill. 2d at 99, 720
N.E.2d at 229. Thus, the Whitney court was not concerned that
consecutive sentences could violate double enhancement principles. We
find that our supreme court has implicitly rejected Miller's
application of double enhancement to consecutive sentencing and
decline to follow Miller. Further, even if we agreed with Miller, it
is distinguishable because, here, severe bodily injury is not inherent
in the triggering offense of armed robbery and, thus, does not
implicate double enhancement concerns. Accordingly, we reject
defendant's argument.
 For the reasons set forth above, we thereby affirm the judgment
of the circuit court.
 Affirmed.
 GREIMAN and REID, JJ., concur.
-----------------------

 ¹Effective January 1, 2000, the legislature amended sections 5-8-
4(a) and (b) to include first degree murder as a triggering offense.
730 ILCS 5/5-8-4(a), (b) (West 2000).