THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. REGINALD KELLEY, Defendant-Appellant.

First District (1st Division)    No. 1—00—0764

Opinion filed May 13, 2002.

Rita A. Fry, Public Defender, of Chicago (Karen M. Florek, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Susan M. Caraher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COUSINS delivered the opinion of the court:

Following a bench trial, defendant Reginald Kelley was convicted of first degree murder, attempted first degree murder and armed violence. Kelley was sentenced to an extended-term sentence of 80 years' imprisonment for the first degree murder conviction and 20 years' imprisonment for the attempted murder conviction, to be served

consecutively. The aggravated battery with a firearm and aggravated battery counts merged with the attempted first degree murder conviction. On March 31, 1999, his convictions and sentences were affirmed on appeal. *People v. Kelley*, 304 Ill. App. 3d 628, 710 N.E.2d 163 (1999). On December 13, 1999, Kelley filed a *pro se* petition for postconviction relief. The petition was dismissed on January 31, 2000. Kelley now presents the following issue on appeal: whether his consecutive sentences should be modified to run concurrently in light of sections 5—5—3.2(b)(4)(i) and 5—8—4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5—5—3.2(b)(4)(i), 5—8—4(a) (West 1994)) being declared unconstitutional.

While defendant frames the issue in his notice of appeal as whether his consecutive sentences should be modified to run concurrently in light of sections 5—5—3.2(b)(4)(i) and 5—8—4(a) of the Code being declared unconstitutional, the argument made in his brief is limited to an additional contention that the trial court's sentence abridged *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). *Apprendi* was decided in June 2000. In defendant's brief, he argues that "[b]ecause the post-conviction hearing judge did not have the opportunity to consider the impact of *Apprendi*, this Court should modify Kelley's sentences to run concurrently and remand this case to the trial court for resentencing."

## BACKGROUND

On August 29, 1994, Kelley was charged with two counts of first degree murder, armed violence, attempted first degree murder, aggravated battery with a firearm, aggravated discharge of a firearm and three counts of aggravated battery.

Ebony Collins testified at Kelley's trial that on the evening of July 25, 1994, while sitting in her car at a stoplight with her three-year-old son, her father, Ronnie Cole, and her brother, Ronnie Jr., she saw Kelley and some of his friends near a grocery store on 79th Street and Yates. While she did not know Kelley's name at that time, she recalled that she had seen him several times before in the area. She noticed that he was "constantly" looking at her car. Kelley and one of his friends, Jernel Brown, proceeded to cross the street. While they crossed the street, Collins observed Kelley "fumbling" with his shirt. Kelley reached the northwest corner of a gas station and was still fumbling with his shirt. Collins testified that Kelley was standing on the curb of the gas station and "threw gang signs" at her. Collins just looked at Kelley and began driving through the intersection. Then Collins heard someone say, "Ain't that the motherfucking car right there?" As she continued driving, Collins heard what she believed at the time to be a

car backfiring. She later realized that the sounds were gunshots. She heard approximately three shots and her father said that he had been hit and she heard her three-year-old son "let out a loud cry." She looked at her son and discovered that he had been shot in the back of the head. She stopped the car and her father told her to let her brother, Ronnie Jr., drive the vehicle. The three-year-old boy died that evening at Jackson Park Hospital. Collins' father, Ronnie Cole, was shot twice in the right arm and was hospitalized for three days.

More witnesses testified, and after the State rested its case, defendant moved for a directed verdict. That motion was denied. At the end of trial, defendant was found guilty of first degree murder and attempted first degree murder. Prior to sentencing, defendant submitted a motion for a new trial. That motion was denied.

The presentencing report provided that on January 20, 1994, defendant pled guilty to possession of a controlled substance with intent to deliver and was sentenced to two years' felony probation. After hearing testimony in aggravation and mitigation at Kelley's sentencing hearing, the court noted that it considered the fact that defendant had been found guilty of possession of a controlled substance and was sentenced to probation, the age of the murder victim, the injury to Ronnie Cole, defendant's personal and criminal history, and the court's intent to deter defendant and others from "such senseless shootings, senseless acts that endanger and actually kill people." On February 10, 1997, the trial court imposed an extended-term sentence of 80 years' imprisonment for first degree murder and a consecutive sentence of 20 years' imprisonment for the attempted first degree murder.

On December 13, 1999, defendant filed a *pro se* petition for post-conviction relief. The petition was dismissed on January 31, 2000, indicating that the issues sought to be raised were barred by *res judicata* or waived.

## ANALYSIS

Defendant's primary issue on appeal is, based on the ruling in *Apprendi*, whether this court should modify his sentences to run concurrently and remand for resentencing because he received an 80-year extended-term sentence under section 5—5—3.2(b)(4)(i) and a consecutive 20-year sentence under section 5—8—4(a) of the Code. The State initially responds that defendant's argument is waived. In the alternative, the State asserts that *Apprendi* does not apply to the instant case because the trial court imposed mandatory consecutive sentences pursuant to section 5—8—4(h) of the Code (730 ILCS 5/5—8—4(h) (West 1994)).

Section 5—8—4(h) of the Code provides that if a person charged with a felony commits a separate felony while on pretrial release or in pretrial detention, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered. 730 ILCS 5/5—8—4(h) (West 1994). The State's reliance on this section is misplaced. The trial court did not state that it was sentencing Kelley on the possession of a controlled substance conviction to run consecutively with his first degree murder, attempted first degree murder, and armed violence convictions.

■ We also note that Kelley's argument is not waived. A party may challenge the constitutionality of a statute at any time. *People v. Wright*, 194 Ill. 2d 1, 23 (2000).

At the time of defendant's offense, first degree murder was punishable by a term of not less than 20 years' imprisonment and not more than 60 years' imprisonment. 730 ILCS 5/5—8—1(a)(1)(a) (West 1994). However, under the Code at that time, the trial court could sentence a defendant to an extended-term sentence if the defendant was convicted of a felony committed against a person under 12 years of age at the time of the offense. 730 ILCS 5/5—5—3.2(b)(4)(i) (West 1994). The range for an extended-term sentence was not less than 60 years' and not more than 100 years' imprisonment. 730 ILCS 5/5—8—2(a)(1) (West 1994).

In the instant case, the trial judge stated that he took into consideration, among other things, the fact that at the time of the offense defendant had been on probation for possession of a controlled substance since January 1994 and the age of the murder victim. Kelley contends that the victim's age was an extended-term factor never submitted to a jury and proved beyond a reasonable doubt. Defendant relies on *Apprendi* and *People v. Beachem*, 317 Ill. App. 3d 693, 740 N.E.2d 389 (2000), to support his contention that this court should vacate his 80-year extended-term sentence for first degree murder and remand for resentencing.

In *Apprendi*, the issue before the United States Supreme Court was "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt." *Apprendi*, 530 U.S. at 469, 147 L. Ed. 2d at 442, 120 S. Ct. at 2351. *Apprendi* applies only where the assessment of facts that increase the " 'prescribed range of penalties to which a criminal defendant is exposed' " are removed from the jury. *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2363, quoting *Jones v. United States*, 526 U.S. 227, 252, 143 L. Ed. 2d 311, 332, 119 S. Ct. 1215, 1228 (1999).

The *Beachem* case is not instructive in deciding the instant case. The critical issue before the *Beachem* court was whether *Apprendi* reaches beyond a direct appeal to an appeal of the dismissal of a timely filed postconviction petition. *Beachem*, 317 Ill. App. 3d at 695. The court held that it did apply. *Beachem*, 317 Ill. App. 3d at 705-06. The court reasoned that the trial court's "exceptionally brutal or heinous" finding in that case clearly offended *Apprendi*. *Beachem*, 317 Ill. App. 3d at 708. The court elected not to decide the issue of the victim's age as support for the extended-term sentence. *Beachem*, 317 Ill. App. 3d at 708.

We find *People v. Peacock*, 324 Ill. App. 3d 749, 756 N.E.2d 261 (2001), and *People v. Blackwell*, 325 Ill. App. 3d 354, 757 N.E.2d 589 (2001), instructive. In *Peacock*, Taki Peacock was sentenced to an 80-year extended-term sentence based on the age of his 60-year-old murder victim and a finding that his actions were accompanied by brutal and heinous conduct indicative of wanton cruelty.

The *Peacock* court noted that "[b]ecause a trial court need find only a single statutory factor in aggravation to impose an extended sentence," the victim's age, standing alone, was a sufficient basis upon which to impose an extended-term sentence. *Peacock*, 324 Ill. App. 3d at 756-57. Based on the court's reading of *Apprendi* and other related cases, the court wrote that even assuming an *Apprendi* violation occurred, it found it to be "harmless error." *Peacock*, 324 Ill. App. 3d at 760. The *Peacock* court reasoned that the finding of the victim's age did not involve the weighing of evidence or an examination of the defendant's mental state. *Peacock*, 324 Ill. App. 3d at 761. Indeed, the victim's wife testified to the victim's age, the parties stipulated at trial that if the medical examiner had been called to testify, he would have testified that the victim was the stated age of 60 years of age, and defendant, in his original brief on appeal, conceded that the victim was 60 years old at the time of the offense. *Peacock*, 324 Ill. App. 3d at 761. Importantly, the court held that had the issue of age been pled in the indictment and submitted to a jury, "there is no question a jury still would have found defendant guilty beyond a reasonable doubt." *Peacock*, 324 Ill. App. 3d at 761. Peacock's sentence of 80 years was affirmed. *Peacock*, 324 Ill. App. 3d at 761.

In *Blackwell*, Marcus Blackwell was sentenced to an extended-term sentence based on at least one aggravating factor: the victim was 60 years of age or older. *Blackwell*, 325 Ill. App. 3d at 359. While the age of the murder victim was not at issue during trial, trial testimony indicated that the victim was 71 years old at the time of her death. The *Blackwell* court reasoned that had the issue of the victim's age been submitted to a jury, a jury still would have found defendant

guilty beyond a reasonable doubt. *Blackwell*, 325 Ill. App. 3d at 360. The court concluded that although an *Apprendi* violation may have occurred where the age of the victim was not submitted to a jury, such a violation amounted to harmless error. *Blackwell*, 325 Ill. App. 3d at 360. Blackwell's extended-term sentence for first degree murder was affirmed. *Blackwell*, 325 Ill. App. 3d at 360.

■ In the instant case, assuming that the failure to submit the fact that the murder victim was three years old to a jury could violate *Apprendi*, it was harmless error in the instant case. The age of the victim was never in dispute. In fact, the victim's father testified to his son's age at the time of the murder. Moreover, defendant has conceded the boy's age in his brief on appeal. Based on a review of the record, even if the victim's age had been submitted to the jury, the jury still would have found Kelley guilty of first degree murder beyond a reasonable doubt. Accordingly, although a violation of *Apprendi* may have occurred here where the age of the victim was not submitted to the jury or included in the charging instrument, any violation that did occur was harmless error. Kelley's extended-term sentence of 80 years is affirmed.

## II

Kelley next contends that his 20-year sentence for attempted first degree murder should be modified to run concurrently with his sentence for first degree murder. Defendant asserts that section 5—8—4 did not contain a provision affording the option to elect a jury to make the factual findings provided in that section. The Illinois Supreme Court has held that consecutive sentences imposed under section 5—8—4(a) of the Code do not violate the due process rights of defendants and that the Supreme Court's *Apprendi* decision does not apply to such sentences. *People v. Carney*, 196 Ill. 2d 518, 536, 752 N.E.2d 1137 (2001). The court reasoned that "[c]onsecutive sentences do not expose a defendant to punishment exceeding the statutory maximum for each conviction." *Carney*, 196 Ill. 2d at 536.

Defendant also states: "[T]he record suggests that the trial judge imposed the consecutive sentence because the offenses were committed as a part of a single course of conduct, and Cole [the three-year-old's grandfather] suffered severe bodily injury." During the sentencing hearing, while the State requested that the judge impose consecutive sentencing "under Chapter 730," the judge did not articulate the basis of the 20-year consecutive sentence for defendant's attempted first degree murder conviction.

At the time of the offense, section 5—8—4(a) of the Code provided: "The court shall not impose consecutive sentences for offenses

which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, *unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury* \*\*\* in which event the court shall enter sentences to run consecutively." (Emphasis added.) 730 ILCS 5/5—8—4(a) (West 1994).

Section 5—8—4(a) requires consecutive sentencing "where the defendant has been convicted of either a Class X or Class 1 felony and where he had inflicted severe bodily injury during the commission of that felony." *People v. Whitney*, 188 Ill. 2d 91, 98-99, 720 N.E.2d 225 (1999). The *Whitney* court explained that in committing the Class 1 or Class X felony, it must result in severe bodily injury to the victim of that felony. *Whitney*, 188 Ill. 2d at 100.

We find *People v. Jones*, 323 Ill. App. 3d 451, 752 N.E.2d 511 (2001), instructive. In *Jones*, Isaac Jones was found guilty of first degree murder, attempted first degree murder, and aggravated battery with a firearm following a bench trial. He was sentenced to consecutive prison terms of 26 years for the first degree murder of Maxine Parker and 6 years for the attempted first degree murder of Larry Thompson. On appeal, Jones asserted that the trial court erred in imposing consecutive sentences predicated on the attempted first degree murder count. *Jones*, 323 Ill. App. 3d at 453.

In its analysis, the *Jones* court reviewed *People v. Whitney*, 188 Ill. 2d 91, 100, 720 N.E.2d 225 (1999), and examined section 5—8—4(a) of the Code. *Jones*, 323 Ill. App. 3d at 459-60. The court determined that while first degree murder was not a Class X or Class 1 felony, the offense of attempted murder was a Class X felony and could be the basis for consecutive sentences in that case. *Jones*, 323 Ill. App. 3d at 460. The *Jones* court then reasoned that prior to invoking a consecutive sentence in that case, the requirement of "severe bodily injury" also must be met. *Jones*, 323 Ill. App. 3d at 461. The victim of the attempted first degree murder in *Jones* suffered a "grazed-type" gunshot wound to his right cheekbone. He did not receive medical treatment for the injury and a doctor gave him a band aid for the wound and told him that it was "okay." *Jones*, 323 Ill. App. 3d at 461. In the *Jones* court's view, the wound did not constitute severe bodily injury and, therefore, the imposition of consecutive sentences was improper. *Jones*, 323 Ill. App. 3d at 461. Accordingly, Jones' sentences were modified to run concurrently. *Jones*, 323 Ill. App. 3d at 461.

We also note that in *People v. Wilder*, 325 Ill. App. 3d 987, 760 N.E.2d 496 (2001), in instructing the trial court upon remand, the appellate court stated:

"We stress, however, that if the court should determine that any of the offenses were carried out in a single course of conduct, it may *only* use section 5—8—4(a) to impose consecutive sentences for those offenses. If the court applies that subsection, it must then also decide: (1) whether any of the crimes found to have been committed in a single course of conduct are a Class X or Class 1 felony; (2) whether the defendant inflicted a severe bodily injury; and (3) whether that severe bodily injury was inflicted during the commission of any of *** those felonies. The court may impose consecutive sentencing under section 5—8—4(a) *only* if all three components are met." (Emphasis in original.) *Wilder*, 325 Ill. App. 3d at 1002.

■ Here, defendant was convicted of first degree murder, attempted first degree murder, and armed violence. First degree murder is not a Class X or Class 1 felony; rather, it is its own class of felony. *Whitney*, 188 Ill. 2d at 100. Attempted first degree murder is a Class X felony. 720 ILCS 5/8—4(c)(1) (West 1994). In addition to being found guilty of first degree murder of the three-year-old, defendant in the instant case was found guilty of attempted first degree murder of Ronnie Cole, a Class X felony. Ronnie Cole was shot twice in the right arm and was hospitalized for three days. We believe that this constitutes severe bodily injury for purposes of consecutive sentencing under section 5—8—4(a) of the Code.

For the foregoing reasons, we affirm defendant's extended-term sentence of 80 years' imprisonment and defendant's consecutive sentence of 20 years' imprisonment for attempted first degree murder. We also grant the State's request for $100 in costs for defending this appeal. 55 ILCS 5/4—2002.1 (West 1998).

Affirmed.

COHEN, P.J., and TULLY, J., concur.