# Illinois Official Reports

## Appellate Court

***People v. Washington*, 2019 IL App (1st) 172372**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MALVIN WASHINGTON, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-17-2372 |
| Filed | June 10, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 04-CR-21005; the Hon. Ursula Walowski, Judge, presiding. |
| Judgment | Affirmed as modified. |
| Counsel on Appeal | Alison R. Flaum and Jeffrey Urdangen, of Bluhm Legal Clinic, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Joseph Alexander, and Daniel Piwowarczyk, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE WALKER delivered the judgment of the court, with opinion.<br>Justices Pierce and Griffin concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant Malvin Washington was convicted in the circuit court of Cook County of the Class 1 felony of second degree murder and the Class X felony of aggravated battery with a firearm, and he was sentenced to consecutive terms of 15 years for the second degree murder and 10 years for the aggravated battery with a firearm. Following his sentencing, Malvin asked the trial court to award sentencing credit multiplied by a factor of 1.5 for time spent participating in qualified educational, vocational, and other programs while in the Cook County Department of Corrections (CCDOC). He sought enhanced programming credit against his sentence for second degree murder pursuant to section 3-6-3 of the Unified Code of Corrections (Code). 730 ILCS 5/3-6-3 (West 2016). The trial court denied the enhanced programming credit in reliance on *People v. Duke*, 305 Ill. App. 3d 169 (1999) (holding that inmates serving consecutive sentences for a Class X felony and some other, non-Class X felony are ineligible for programming credit during the entire term of imprisonment). Malvin appeals from the trial court's order denying enhanced programming credit. We hold that section 3-6-3 does not prohibit awarding enhanced programming credit for the part of a consecutive sentence that punishes an inmate for a crime not specifically listed as cause for denying the enhanced programming credit. Accordingly, we reverse the trial court's denial of Malvin's request for enhanced programming credit on his second degree murder conviction.

¶ 2                                I. BACKGROUND

¶ 3        On March 21, 2004, cars driven by Antonio Washington and Antoine Lee collided. People from the neighborhood converged on the accident scene. Antoine's uncle, Ronald Lee, physically confronted Antonio's cousin, Malvin. Malvin shot Ronald three times. A stray bullet killed Marquis Reed.

¶ 4        Prosecutors charged Malvin with the first degree murder of Reed and aggravated battery with a firearm for the injury to Ronald. At the trial, Malvin testified that he acted in self-defense, but a jury found Malvin guilty as charged. The appellate court ordered a new trial, and the Illinois Supreme Court affirmed the appellate court's judgment. *People v. Washington*, 2012 IL 110283. Malvin remained incarcerated as the case worked its way through the appeals process to a new trial. He used his time productively, earning a high school equivalency diploma and accumulating more than 5000 hours in educational programs, much of it for tutoring other inmates. He also completed three classes at DePaul University.

¶ 5        On retrial, a jury found Malvin guilty of second degree murder and aggravated battery with a firearm. Witnesses at the sentencing hearing spoke highly of Malvin's educational achievements while in the CCDOC programs. One CCDOC official testified that Malvin accomplished the rare feat of having no disciplinary infractions despite his long time in CCDOC. Another CCDOC official testified to the trust accorded to Malvin.

¶ 6        The trial judge imposed sentences of 10 years for aggravated battery and 15 years for second degree murder, with the sentences to run consecutively. Malvin asked the trial court to award credit against his sentence for programming days while in the custody of the CCDOC. The trial court, following *Duke*, 305 Ill. App. 3d 169, held that Malvin was not entitled to any enhanced programming credit because he was convicted of a Class X felony. Malvin now appeals.

## II. ANALYSIS

On appeal, Malvin argues the trial court erred when it denied his enhanced programming credit pursuant to the version of section 3-6-3 (730 ILCS 5/3-6-3 (West 2016)) in place at the time of his sentencing. Malvin does not challenge the sufficiency of the evidence supporting his convictions. We review *de novo* the issue of statutory interpretation. *People v. Whitney*, 188 Ill. 2d 91, 98 (1999).

We note that the General Assembly amended section 3-6-3(a)(4) to extend enhanced programming credit to prisoners convicted of Class X felonies, but the General Assembly specifically limited the amount of credit available to prisoners already serving sentences when the amendment went into effect. The Code now provides, "sentence credit under paragraph *** (4) *** of this subsection (a) may be awarded to a prisoner who is serving a sentence for an offense described in paragraph (2), (2.3), (2.4), (2.5), or (2.6) for credit earned on or after the effective date of this amendatory Act." Pub. Act 100-3 (eff. Jan. 1, 2018) (amending 730 ILCS 5/3-6-3(a)(4.7)). The public act sets its effective date as January 1, 2018. Malvin seeks enhanced programming credit for programs completed prior to the amendment. Thus, the amendment does not apply to the facts here.

Malvin does not seek any programming credit against his sentence as a Class X offender. Malvin argues, however, that he should be awarded enhanced programming credit against his second degree murder sentence.

Prior to the January 2018 amendment, section 3-6-3 of the Code restricted the amount of credit awarded to "a prisoner serving a sentence for *** aggravated battery with a firearm" to "no more than 4.5 days of sentence credit for each month of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2)(ii) (West 2016). Section 3-6-3(a)(2.1) provided that, "[f]or all offenses, other than those enumerated in subdivision (a)(2)(i), (ii), or (iii) *** the rules and regulations shall provide that a prisoner who is serving a term of imprisonment shall receive one day of sentence credit for each day of his or her sentence of imprisonment." 730 ILCS 5/3-6-3(a)(2.1) (West 2016). The parties agree that second degree murder qualifies as an offense not enumerated in subsections (a)(2)(i), (ii), or (iii).

Section 3-6-3(a)(4) permits awarding enhanced programming credit provided for in section 3-6-3(a)(2.1) if the prisoner participates in certain programs while in CCDOC, including the educational programs in which Malvin participated. Section 3-6-3(a)(4) provides:

> "The rules and regulations shall also provide that the sentence credit accumulated and retained under paragraph (2.1) of subsection (a) of this Section by any inmate during specific periods of time in which such inmate is engaged full-time in *** educational programs *** shall be multiplied by a factor of *** 1.50 for program participation ***. *** [S]entence credit, subject to the same offense limits and multiplier provided in this paragraph, may be provided to an inmate who was held in pre-trial detention prior to his or her current commitment to the Department of Corrections and successfully completed *** educational program[s] *** provided by the county department of corrections or county jail. Calculation of this county program credit shall be done at sentencing *** and shall be included in the sentencing order." 730 ILCS 5/3-6-3(a)(4) (West 2016).

The section restricted the programming credit: "no inmate shall be eligible for the additional sentence credit under this paragraph (4) *** if convicted of *** a Class X felony." 730 ILCS 5/3-6-3(a)(4) (West 2016).

¶ 13    The Fourth District Appellate Court of Illinois addressed a similar issue as applied to the Illinois Department of Corrections (IDOC) in *Duke*, 305 Ill. App. 3d 169. The trial court in *Duke* sentenced Mr. Duke to 35 years for a Class X felony and to 30 months for a Class 3 felony, with the sentences to run consecutively. Mr. Duke participated in prison programs and sought programming credit against the portion of his sentence that punished him for a Class 3 felony. Mr. Duke filed a writ of mandamus because the IDOC found that Mr. Duke's Class X felony conviction made him ineligible for programming credit against his sentences under section 3-6-3(a)(4) (730 ILCS 5/3-6-3(a)(4) (West 2016)). The trial court issued the *mandamus* ordering the IDOC to consider Mr. Duke eligible for enhanced programming credit against the portion of his sentence attributable to the Class 3 felony conviction, and the IDOC appealed. The appellate court held that the Code disallowed programming credit for any portion of Mr. Duke's sentence. In reversing the trial court, the *Duke* court relied on section 3-6-3(b), which provided, "[w]henever a person is or has been committed under several convictions, with separate sentences, the sentences shall be construed under [s]ection 5-8-4 [of the Code] in granting and forfeiting of sentence credit." 730 ILCS 5/3-6-3(b) (West 2016). Section 5-8-4(e) provided:

> "[i]n determining the manner in which consecutive sentences of imprisonment *** will be served, [the IDOC] shall treat the defendant as though he or she had been committed for a single term subject to each of the following incidents:
>
> * * *
>
> (4) The defendant shall be awarded credit against the aggregate maximum term and the aggregate minimum term of imprisonment for all time served in an institution *** at the rate specified in Section 3-6-3 [of this Code]." 730 ILCS 5/5-8-4(g) (West 2016).

¶ 14    The *Duke* court found "a clear rule that the [IDOC] must treat consecutive sentences as a 'single term' of imprisonment for the purposes of awarding any good-time credit" and concluded that the IDOC must award credit against the combined sentences at a single rate for the entire combined term of imprisonment and the IDOC must use only the credit rate for the crime subject to the harsher punishment. (Emphasis omitted.) *Duke*, 305 Ill App. 3d at 173. The *Duke* court held that "the straightforward application of this rule requires the Director to treat an inmate serving consecutive sentences for a Class X felony and some other, non-Class X felony as ineligible for enhanced good-time credit during the entire 'single term' of imprisonment." *Id.*

¶ 15    The *Duke* court's analysis does not apply to enhanced programming credit while in the CCDOC because the issue in *Duke* was whether Mr. Duke was eligible for programming credit while in the custody of the IDOC. The *Duke* rule conflicts with our supreme court's observation that "[o]ur jurisprudence *** makes it clear that consecutive sentences do not constitute a single sentence and cannot be combined as though they were one sentence for one offense. Each conviction results in a discrete sentence that must be treated individually." *People v. Carney*, 196 Ill. 2d 518, 530 (2001). The rule in *Duke* also undermines public policy because educational programs, prison employment, and other skills learned while incarcerated promote habits and responsibility that contribute to more cooperative inmates and ultimately lower levels of recidivism.

¶ 16    We hold, in accord with the courts' expectations and IDOC practice (see 20 Ill. Adm. Code 107.120 (2019)), that the reference in section 5-8-4 to "treat[ing] consecutive sentences as a

'single term' of imprisonment" does not preclude awarding credits at differing rates against different sentences under the provisions of sections 3-6-3(a)(2) and (a)(2.1).

¶ 17 The State raises an argument not addressed in *Duke*. The State asserts that the applicable version of section 3-6-3(a)(4) provided that "no inmate shall be eligible for the additional sentence credit under this paragraph (4) *** if convicted of *** a Class X felony." 730 ILCS 5/3-6-3(a)(4) (West 2016). The State contends that, because the trial court found Malvin guilty of a Class X felony, he can never become eligible for additional credit under section 3-6-3(a)(4), because he will always count as an inmate convicted of a Class X felony.

¶ 18 We find the statute ambiguous. The clause "an inmate convicted of a Class X felony" could refer to any incarcerated person who has ever had a Class X felony conviction on his record, it could refer to a prisoner serving a sentence for a Class X felony, or it could refer to a prisoner who is serving a sentence for a Class X offense and a sentence for a non-Class X offense. See *People v. Donoho*, 204 Ill. 2d 159, 172 (2003) (a statute is ambiguous if subject to two or more reasonable interpretations). If the General Assembly meant the prohibition to apply only for the duration of his sentence for the Class X felony, Malvin qualifies for the enhanced programming credit against his 15-year sentence for second degree murder.

¶ 19 The transcript of the legislative debates on the bill that included the provision precluding programming credits for Class X felons has no legislator commenting on consecutive sentences. 86th Ill. Gen. Assem., House Bill 3167, 1990 Sess.; 86th Ill. Gen. Assem., Senate Proceedings, June 20, 1990, at 234; 86th Ill. Gen. Assem., Senate Proceedings, June 21, 1990, at 52-55. The bill's sponsor emphasized that the bill encouraged inmates to engage in educational programs in hopes of reducing recidivism. 86th Ill. Gen. Assem., House Proceedings, May 16, 1990, at 33-34. The Senate Judiciary Committee recommended the language denying programming credit to inmates convicted of Class X offenses (86th Ill. Gen. Assem., Senate Proceedings, June 14, 1990, at 14), but nothing in the legislative history indicates an intent to deprive persons convicted of Class X offenses from receiving program credit on other convictions.

¶ 20 Due to the absence of pertinent legislative history, we turn to general principles of statutory construction. When a statute is ambiguous "the rule of lenity is appropriate." *People v. Lashley*, 2016 IL App (1st) 133401, ¶ 63. The rule of lenity provides that ambiguous criminal statutes will generally be construed in the defendant's favor. *People v. Gutman*, 2011 IL 110338, ¶ 12; see also *Whitney*, 188 Ill. 2d at 97-98. Therefore, we adopt the construction that favors Malvin. Applying the rule of lenity, we find that section 3-6-3 permits awarding enhanced programming credit against the part of a consecutive sentence that punishes an inmate for a crime not specifically listed as requiring exclusion from enhanced programming credit. See 730 ILCS 5/3-6-3(a)(2), (2.1) (West 2016). We hold Malvin may be awarded day-for-day credit under section 3-6-3(a)(2.1), multiplied by a factor of 1.5 for time spent participating in qualified programs, against his sentence for second degree murder.

¶ 21 The State does not contest Malvin's calculation that his program participation totals 925 full days. Multiplied by a factor of 1.5, the credit comes to 1387.5 days. As Malvin has been awarded the 925 days of day-for-day credit for that time, the enhanced programming credit available under section 3-6-3(a)(4) is 462 days. See *People v. Montalvo*, 2016 IL App (2d) 140905, ¶ 19. Accordingly, we hold that, due to Malvin's participation in programming while in custody at the CCDOC, he is entitled to an additional 462 days of credit against his 15-year sentence for second degree murder.

¶ 22                              III. CONCLUSION

¶ 23        Section 5-8-4 of the Code, as interpreted by the IDOC and the courts, has always permitted the IDOC to award different credits against separate parts of consecutive sentences. We find that section 3-6-3 does not prohibit the IDOC from awarding an inmate serving consecutive sentences enhanced programming credit against the part of the consecutive sentence that punishes the inmate for a crime not specifically listed as cause for denying the credit. Hence, Malvin is awarded enhanced programming credit against his second degree murder conviction. For the reasons stated, we affirm the judgment of the trial court. However, pursuant to Illinois Supreme Court Rule 366(a) (eff. Feb. 1, 1994), we modify the mittimus to reflect 462 additional days' sentence credit.

¶ 24        Affirmed as modified.